UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KIAMA FALTINE; KIJAFA FALTINE,

                Plaintiffs,                  **MEMORANDUM AND ORDER**
                                                                      15-CV-3961 (RRM) (LB)

        -against-

MARTIN MURPHY; ELIZABETH
CALCATERA; THOMAS
NIXON-FRIEDHEIM; LEILA C. ROSINI;
LANZA MAXIMILI; JOHN DOE ARRESTING
OFFICER OF KIJAFA FALTINE,

                Defendants.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       On July 6, 2015, plaintiffs Kiama Faltine ("Kiama") and Kijafa Faltine ("Kijafa"), who, at the time of filing the complaint, were incarcerated at Wyoming Correctional Facility and Orleans Correctional Facility, respectively, filed the instant *pro se* action. Plaintiffs' submissions, including their complaint and applications to proceed *in forma pauperis* ("IFP"), were not signed by either plaintiff but rather were signed by an "authorized representative." Plaintiffs also failed to include signed Prisoner Authorization forms.

       Accordingly, by letter dated July 9, 2015, plaintiffs were informed that their complaint and IFP applications had to contain their original signatures and that, as prisoners, they must also complete a Prisoner Authorization form to be submitted with the IFP applications. (Doc. Nos. 4–5.) Plaintiffs were provided with the proper forms and instructed that in order to proceed, they had to return the signed complaints, signed IFP applications, and the Prisoner Authorization forms within 14 days of receipt of the letter. (*Id.*)

1

On July 24, 2015,[1] and July 28, 2015, Kijafa and Kiama, respectively, submitted signed complaints. On August 7, 2015, plaintiffs paid the filing fee to initiate this action. As elaborated below, the action is dismissed because it is barred by the doctrine enunciated under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), defendants Murphy, Rosini, and Calcatera are immune from suit, and the claims against defendants Nixon-Freidheim, Maximili, and Doe lack an arguable basis in law or fact.

## BACKGROUND

Plaintiffs are brothers who were convicted of two separate crimes. (Compl. (Doc. Nos. 8, 9)[2] at 2 § III.) They bring this action pursuant to 42 U.S.C. § 1983 and 18 U.S.C. §§ 241, 242, against the arresting officers, legal aid attorneys, prosecutor, and judge associated with their criminal actions.[3] Plaintiffs' complaint is rambling and difficult to follow. They allege that they was falsely arrested and coerced into pleading guilty. Plaintiffs appear to raise a claim that they are somehow exempt from state criminal prosecution because they are "sentient beings who are secured by the uniform commercial code." (Compl. at 2 § III.) They assert that their convictions are "null and void" because they are not members of the military "nor were the[] accusations (that are constitutionally bound) were [sic] committed on the Sea for this matter to be subjected to maritime jurisdictions under statutory law which are solely for corporations that none of these flesh and blood men born to the Faltine family are." (*Id.*) Plaintiffs seek monetary damages in the amount of one billion dollars. (*Id.* at 8.)

---

[1] Although Kijafa's signed complaint was entered on the docket on July 24, 2015, the docket references July 6, 2015 as the "date filed." (*See* Doc. No. 8.)

[2] The complaints filed are identical save for the fact that they each bear a different signature – one bears Kijafa's signature (Doc. No. 8) and the other Kiama's signature (Doc. No. 9).

[3] Plaintiffs have brought claims pursuant to 18 U.S.C. §§ 241, 242, alleging a conspiracy to deprive plaintiffs of their constitutional rights. Plaintiffs lack standing to enforce criminal statutes for which there is no private right of action. *Hill v. Didio*, 191 F. App'x 13, 14–15 (2d Cir. 2006) (summary order). Therefore, plaintiffs' claims brought pursuant to §§ 241 and 242 must be dismissed as against all defendants.

**STANDARD OF REVIEW**

As plaintiffs are proceeding *pro se,* their complaint is held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). The Court is obliged to construe plaintiffs' pleadings liberally and to interpret the complaint as raising the strongest arguments it suggests. *Pabon v. Wright,* 459 F.3d 241, 248 (2d Cir. 2006). Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." This requirement applies both where an inmate has paid the filing fee and where he is proceeding IFP. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

Even if a plaintiff has paid the court's filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the Court lacks subject matter jurisdiction or the action is frivolous. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see also Hawkins–El III v. AIG Fed. Sav. Bank,* 334 F. App'x 394, 395 (2d Cir. 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint); *Paige v. City of New York,* No. 10-CV-5469, 2011 WL 3701923, at *2 (E.D.N.Y. Aug. 23, 2011) (even where a *pro se* plaintiff "has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or that the court lacks jurisdiction over the matter").

"A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis,* 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325, 327, (1989)); *see also Ashmore v. Prus*, No. 13-CV-2796, 2013 WL 3149458, at *2 (E.D.N.Y. June 19, 2013) (when it is clear that the defendants are immune

from suit, a dispositive defense appears on the face of the complaint, and the action can be dismissed as frivolous). A claim is also frivolous when it lacks an arguable basis in law or fact. *Neitzke*, 490 U.S. at 325.

## DISCUSSION

I. Heck v. Humphrey - § 1983

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle,* 471 U.S. 808, 816 (1985)).

At the outset, the Court notes that to the extent that plaintiffs seek to challenge the fact or duration of their confinement resulting from their state convictions and/or sentences, their sole federal remedy is by way of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). To the extent that plaintiffs complain about their false arrests, their guilty pleas, attorney ineffectiveness, prosecutorial misconduct, and judicial misconduct during their criminal proceedings, they have raised claims which necessarily affect the validity of their criminal convictions. Plaintiffs cannot recover under § 1983 for alleged wrongful incarceration unless they prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or

4

called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 487; *see also Poventud v. City of New York,* 750 F.3d 121 (2d Cir. 2014). Here, plaintiffs have not alleged or shown that their convictions or sentences were reversed or invalidated as required by *Heck.* Accordingly, to the extent plaintiffs seek damages for their incarceration, their claims must be dismissed. *See* 28 U.S.C. § 1915A.

Further, plaintiffs' reliance on the UCC or a so-called "sovereign citizen" theory to assert that they are exempt from prosecution and beyond the jurisdiction of the state or federal courts lacks an arguable basis in law or fact. Similar arguments have been repeatedly rejected by federal courts. *See, e.g.*, *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011); *Monroe v. Beard,* 536 F.3d 198, 203 n.4 (3d Cir. 2008); *Berman v. Stephens*, No. 4:14-CV-860-A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases); *Muhammad v. Smith,* No. 3:13-CV-760, 2014 WL 3670609, at *2–3 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources."); *Bey v. New York*, No. 11-CV-3296, 2012 WL 4370272, at *6 (E.D.N.Y. Sept. 21, 2012).

II. <u>Immunity</u>

A. <u>Judicial Immunity – Judge Martin Murphy</u>

Plaintiffs' claims against Judge Martin Murphy, who presumably presided over aspects of the underlying state criminal proceedings, must be dismissed as plaintiffs' claims are foreclosed by absolute immunity. Judges have absolute immunity for acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Dupree v. Bivona*, No. 07-CV-4599, 2009 WL 82717, at *1–2 (2d Cir. Jan. 14, 2009);

*Colson v. N.Y. Police Dept.*, No. 13-CV-5394, 2015 WL 64688, at *6 (E.D.N.Y. Jan. 5, 2015). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotation marks omitted); *accord Horton v. City of New York,* No. 14-CV-4279, 2014 WL 3644711, at *1 (E.D.N.Y. July 22, 2014); *Edo v. Queens Cty. Crim. Ct.,* No. 13-CV-7089, 2013 WL 6732811, at *1 (E.D.N.Y. Dec. 19, 2013); *Gamez v. U.S. Dist. Ct. E. and S. Dist. of–Tyranny,* No. 11-CV-4068, 2011 WL 3949807, at *1 (E.D.N.Y. Sept. 6, 2011). Accordingly, because Judge Murphy is clearly immune from liability in this action, plaintiffs' claims for monetary damages against him are dismissed as frivolous.

      B. <u>Prosecutorial Immunity – Assistant District Attorney Leila C. Rosini</u>

Plaintiffs' complaint fails to make any factual allegations against Kings County Assistant District Attorney Leila C. Rosini. Further, to the extent that plaintiffs seek monetary damages against Rosini in her official capacity, their claims are barred by the Eleventh Amendment. *See, e.g.*, *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (holding that a district attorney, when prosecuting a criminal matter, represents the state not the county, and therefore is immune from suit under the Eleventh Amendment); *see also Rodriguez v. Weprin,* 116 F.3d 62, 66 (2d Cir. 1997) (finding two district attorneys immune under the Eleventh Amendment from a suit brought against them in their official capacities). To the extent that plaintiffs bring suit against Rosini in her official capacity, their action is barred by absolute prosecutorial immunity.

Moreover, the law is clear that "'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages'" under federal and state law. *Shmueli v. City of New York,* 424 F.3d 231, 236 (2d Cir.

6

2005) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 410 (1976)); *Othman v. City of New York*, No. 13-CV-4771, 2015 WL 1915754, at *3 (E.D.N.Y. Apr. 27, 2015). Absolute immunity extends to acts such as "initiating a prosecution and presenting the case at trial" or at other court proceedings. *Hill v. City of New York,* 45 F.3d 653, 661 (2d Cir. 1995) ("Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." (internal quotation marks and alterations omitted)). Accordingly, to the extent that plaintiffs bring these claims against defendant Rosini for her role in prosecuting their criminal actions, their claims are barred by prosecutorial immunity. *See Imbler,* 424 U.S. at 431, 431 n.34 (holding that prosecutors are absolutely immune even if they willfully suppress exculpatory information); *see also Dory v. Ryan,* 25 F.3d 81, 83 (2d Cir. 1994) (holding that absolute immunity protects prosecutors even if they conspire to present false evidence at trial). Accordingly, because Rosini – a Kings County Assistant District Attorney – is immune from suit, plaintiffs' claims for monetary damages against her are dismissed as frivolous. *See* 28 U.S.C. § 1915A.

   III. Defense Attorneys – Thomas Nixon-Friedheim and Elizabeth Calcatera

Plaintiffs' claims against defendants Nixon-Friedheim and Calcatera, who are alleged to have been Kiama's and Kijafa's respective defense attorneys in the underlying criminal matters, cannot survive as a matter of law because there was no state action. "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of § 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt,* No. 11-CV-5430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (citing *Fine v. City of New York,* 529 F.2d 70, 74 (2d Cir. 1975) (private attorney not a state actor)); *see also*

*McCloud v. Jackson,* 4 F. App'x 7, 9–10 (2d Cir. 2001) ("To the extent that [the defense attorney] may have served as privately-retained counsel, rather than as a court-appointed attorney, he still could not be held liable under § 1983 because there was no showing that he worked with state officials to deprive [the plaintiff] of federal rights."). Similarly, "public defenders, including Legal Aid attorneys, court-appointed counsel and private attorneys do not act under the color of state law merely by virtue of their position." *Delarosa v. Serita,* No. 14-CV-737, 2014 WL 1672557, at *3 (E.D.N.Y. Apr. 28, 2014); *see also Brown v. Legal Aid Soc.,* 367 F. App'x 215, 216 (2d Cir. 2010) ("A 'public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" (quoting *Polk Cty.,* 454 U.S. at 325)); *Licari v. Voog,* 374 F. App'x 230, 231 (2d Cir. 2010) ("It is well established that private attorneys – even if the attorney was court appointed – are not state actors for the purposes of § 1983 claims.") (citing *Weprin,* 116 F.3d at 65–66); *Shorter v. Rice,* No. 12-CV-111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[N]either public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position."). Therefore, plaintiffs' claims against Nixon-Friedheim and Calcaterra cannot proceed. *See George v. Park,* No. 07-CV-3546, 2007 WL 2769401 at *2 (E.D.N.Y. Sept. 21, 2007) (dismissing fee-paid § 1983 claim against defense counsel); *see also Grant v. Hubert,* No. 09-CV-1051, 2009 WL 764559, at *1 (E.D.N.Y. Mar. 20, 2009) ("Section 1983 was enacted to redress civil rights violations by persons acting under color of State law and should not be used by clients disappointed with the performance of their attorneys." (internal quotation marks omitted)).

IV. <u>False Arrest – Lanza Maximili and John Doe</u>

The sole allegation against defendants Maximili and Doe – New York City police officers – is that they arrested Kiama and Kijafa. (Compl. at 2 § III.) Liberally construed, plaintiffs may be seeking to assert a claim for false arrest. In order to prevail on their § 1983 claim for false arrest, Kiama and Kijafa must each show that (1) defendant intended to confine him, (2) plaintiff was conscious of the confinement, (3) plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995); *Jackson v. City of New York*, 939 F. Supp. 2d 235, 248 (E.D.N.Y. 2013). However, a person who has been convicted of the crime for which he was arrested cannot state a claim for false arrest because his conviction establishes that his confinement was grounded on probable cause; therefore, it was privileged. *Cameron v. Fogarty*, 806 F.2d 380, 388–89 (2d Cir. 1986) ("Where the civil rights plaintiff has been convicted of the offense for which he was arrested, we have in effect accepted the fact of that conviction as conclusive evidence of good faith and reasonableness of the officer's belief in the lawfulness of the arrest. . . . [W]here law enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause."); *see also Chillemi v. Town of Southampton*, 943 F. Supp. 2d 365, 376 (E.D.N.Y. 2013) ("[A] conviction based on a voluntary plea of guilty . . . establishes probable cause, thereby precluding a subsequent claim of false arrest and false imprisonment."); *Johnson v. Pugh*, No. 11-CV-385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) (finding that plaintiff's guilty plea established probable cause for his arrest, rendering it privileged and barring his claim for false arrest). Moreover, a successful § 1983 claim for false arrest in this case would "negate an element of the offense[s] of which [plaintiffs have] been convicted." *Heck,* 512 U.S. at 486 n.6;

9

*see also El v. City of New York*, No. 14-CV-9055, 2015 WL 1873099, at *6 (S.D.N.Y. Apr. 23, 2015). Here, plaintiffs allege that they pled guilty to the charges against them. (Compl. at 2 § III.) Accordingly, they are precluded from bringing a false arrest charge related to their arrests.

## CONCLUSION

The complaint is dismissed in its entirety. Although plaintiffs have paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment, mail a copy of this order and judgment to plaintiffs at the addresses listed for them on the docket, note the mailings on the docket, and close the case.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSYLNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
June 3, 2016